UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

**M.J., an infant by her parent and
natural guardian, CASEY JOHNSON,**

                                **Plaintiff,**

      v.                                                 08-CV-0512

**SAMARITAN MEDICAL CENTER, PHAELON
H. SILVA, M.D., ELIZABETH LUCAL, M.D.,
KRISTIN M. LEWIS, CNM, PATRICIA CRANE,
CNM, LYNN OSSOLA, RN, GAY WARD, RN,
TONI BONVILLE, RN, SHEELA MARIE, RN,
and "John/Jane Doe No. 1" through "John/Jane
Doe No. 10" said names intended to designate those
persons or unknown persons who were employees,
agents, apparent agents, independent contractors,
and/or staff members of Defendant Samaritan Medical
Center who were involved in the care and treatment of
Casey Johnson and Plaintiff, M.J., on the dates set
forth below,**

                                **Defendants.**

_____

**THOMAS J. McAVOY,
Senior United States District Judge**


                                    **DECISION & ORDER**

**I.    INTRODUCTION**

      Plaintiff M.J., by and through her parent, Casey Johnson, commenced the instant action in state court asserting a claim of negligence arising out of medical care and treatment provided to her by the named-defendants. Defendants now move to substitute

1

the United States as the sole defendant and to dismiss the action because Plaintiff failed to file an administrative action before commencing the legal action. Plaintiff has not opposed the motion.

## II. FACTS AND PROCEDURAL HISTORY

On dates prior to September 24, 2006, Plaintiff M.J. received medical treatment from Defendants. On February 6, 2008, Plaintiff commenced litigation against Defendants in state court arising out of the medical treatment by Defendants. On May 14, 2008, Defendants removed the matter to federal court pursuant to 28 U.S.C. §§ 1441(a) and 2679(d)(2). As a necessary predicate to the removal of this action, and pursuant to 28 U.S.C. § 2679(d)(2), the Office of the United States Attorney certified that at all times alleged in the plaintiff's complaint, Dr. Silva, Dr. Lucal, and Ms. Crane were acting within the scope of their federal employment as health care providers with the U.S. Army Medical Department Activity (MEDDAC). See Notice of Removal, Exs. B-D, dkt. # 1.

Defendants now move to substitute the United States as the sole defendant and to dismiss the Complaint on the ground that Plaintiff failed to file an administrative claim with the appropriate federal agency prior to commencing litigation. Plaintiff has not opposed the motion. The motion was taken on submit without oral argument.

## III. DISCUSSION

### A. Substitution of the United States as the Defendant

When a federal employee is sued for a wrongful or negligent act, the Federal Employees Liability Reform and Tort Compensation Act of 1988 (commonly known as the Westfall Act) empowers the Attorney General, or his delegate, to certify that the employee

was acting within the scope of his office or employment at the time of the incident giving rise to a claim. Tyson v. Willauer, 2002 WL 31094951, at *1, fn 1 (D. Conn. May 28, 2002)(citing 28 U.S.C. § 2679(d)(1); 28 C.F.R. § 15.3). "This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). When such a certification is made, any civil action arising out of that incident is deemed to be an action against the United States, and the case then falls under the Federal Tort Claims Act (the "FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. Tyson v. Willauer, 2002 WL 31094951, at *1, fn 1.

Upon removal, the United States Attorney for the Northern District of New York, a delegate of the Attorney General of the United States, certified that at all times alleged in the Complaint, Defendants Phaelon H. Silva, M.D., Elizabeth Lucal, M.D. and Patricia Crane, CNM were acting within the scope of their employment as employees of the United States as members of the Public Health Service. Notice of Removal, Exs. B-D. Further, the allegations in the Complaint allege negligent medical treatment provided by Drs. Silva and Lucal and by Ms. Crane. Accordingly, the United States is properly substituted as the sole defendant in this action, and the exclusive remedy for the allegations in the Complaint is a non-jury trial against the United States under the FTCA. Cuoco, 222 F.3d at 107; see 28 U.S.C. § 2402 ("[A]ny action against the United States . . . shall be tried by the court without a jury.").

**B. Motion to Dismiss**

Pursuant to 28 U.S.C. § 2675(a), a plaintiff may not maintain an action against the United States under the FTCA unless the plaintiff first files an administrative claim with

3

the appropriate federal agency. See McNeil v. United States, 508 U.S. 106, 113 (1993). It is undisputed that Plaintiff failed to file an administrative claim in this instance. As the Supreme Court has unequivocally stated "Congress intended to require complete exhaustion of Executive remedies before invocation of the judicial process" on claims under the FTCA. McNeil, 508 U.S. at 112. This equally applies where a case is removed from state court. See Motley v. United States, 295 F.3d 820, 824 (8th Cir. 2002) (affirming dismissal of case for failure to exhaust administrative remedies under circumstances substantially similar to those presented here). Because Plaintiff failed to file a claim with the appropriate federal agency before commencing the instant litigation, her Complaint must be dismissed.

**IV.    CONCLUSION**

Accordingly, it is hereby **ORDERED that**

1. Defendants' motion to substitute the United States as the sole defendant in this action is **GRANTED**; and

2. Defendants' motion to dismiss the action is **GRANTED,** and the action is **dismissed without prejudice.**

The Clerk of the Court shall close the file in this matter.

**IT IS SO ORDERED**

DATED:  Aug 29, 2008

Thomas J. McAvoy
Senior, U.S. District Judge

4